UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIAH RIVERS,                          :
                                        :
        Plaintiff,               :
                                        :   CIVIL NO. 3:CV-04-2817
        v.                       :
                                        :   (CHIEF JUDGE VANASKIE)
SGT WIRT, ET AL.,                       :
                                        :
        Defendants.              :

## M E M O R A N D U M

### I. Introduction

Plaintiff Mariah Rivers, an inmate formerly confined at the Camp Hill State Correctional Institution ("SCI-Camp Hill"), Camp Hill, Pennsylvania,[1] proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming he lost his job, was sent to the Restricted Housing Unit ("RHU"), and transferred to SCI-Huntingdon in retaliation for his filing of an institutional grievance. He also claims defendants allowed other inmates to take, or gave other inmates, his personal property while he was housed in the RHU. Named as defendants are the following SCI-Camp Hill employees: Sgt. Wirt, David Hoover, John Horner, Stephen Matusheski, and Donald Kelchner.

---

[1] Rivers is currently housed at the Huntingdon State Correctional Institution, Huntingdon, Pennsylvania. See www.cor.state.pa.us, Pennsylvania Department of Corrections, Inmate Locator.

On April 4, 2004, Defendants filed a Motion to Dismiss based, in part, on Rivers' alleged failure to properly exhaust administrative remedies. After being granted additional time to oppose the dispositive motion, Rivers filed "Plaintiff Reply Brief in Support of Motion to Challenge or Quash Defendants' Motion to Dismiss," (Dkt. Entry 25), which will be treated as his response to defendants' motion. Included with his opposition materials is a Motion for Appointment of Counsel. (Id. at p. 4.)

After careful consideration, defendants' motion will be granted as it is clear that Rivers failed to properly exhaust available administrative remedies. Rivers' Motion for Appointment of Counsel will be denied as moot.

## II.    Background

Rivers alleges that while at SCI-Camp Hill, Unit Manager Matusheski allowed subordinate staff to abuse their authority and act outside of policy when they purportedly stole his personal property and then tried to say he loaned it to other inmates contrary to Department of Corrections ("DOC") regulations. (Dkt. Entry 1.) Rivers claims he was in the institution's Restricted Housing Unit ("RHU") when his property was pilfered. Additionally he claims that in retaliation for filing a grievance against a non-defendant corrections officer, Sgt. Wirt and Mr. Hoover removed him from his prison job. (Id.) Mr. Hoover, who is Rivers' counselor, is also referenced as verbally threatening Rivers about the grievance and is believed to "have somethin (sic) to do with" his transfer to another correctional facility and his placement in the

RHU. (Id.)

## III.   Discussion

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 739 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). The PLRA also "require[s] 'proper' exhaustion, meaning that the inmate must follow the procedural requirements of the prison grievance system." Lock v. Nash, 2005 WL 2465249, at *1 (3d. Cir. Oct. 6, 2005)(citing Spruill v. Gillis, 372 F.3d 218, 228-231 (3d Cir. 2004). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill, 372 F.2d at 227-32. "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D. N.Y.1998)).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir.2002). Failure to exhaust

available administrative remedies is an affirmative defense.  (Id.)  As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants.  Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).  Defendants here have properly raised the question of the failure to exhaust administrative remedies.

The Pennsylvania Department of Corrections ("DOC") has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement.  37 Pa. Code § 93.9(a)(West 2003); *see also* www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy.  After an attempt to resolve any problems informally, an inmate may submit a written grievance to the prison Grievance Coordinator for initial review.  An inmate may then appeal an adverse decision of the Grievance Coordinator to the Superintendent of the institution, and can finally appeal to the Secretary of the Department of Corrections Office of Inmate Grievances and Appeals.  See Booth, 206 F.3d at 292 n.2 (discussing Pennsylvania's Inmate Grievance System).

The DOC's Administrative Grievance System outlines the procedural responsibilities of both staff and inmates under the policy.  The policy specifies the form on which a grievance must be initiated, time frames within which grievances must be initiated and appealed.  The policy also requires inmates appealing to final review to include "photocopies of the initial grievance, Initial Review, Initial Review Response, and the Appeal to the Facility Manager along with the Facility Manager's decision."  (Dkt. Entry 23-3, Exhibit B, Kyler

Declaration and DC-ADM 804, <u>Inmate Grievance System Policy</u>, VI, D, 1, h.)  The policy clearly states that an inmate's failure to comply with these requirements may result in the grievance being dismissed.  The policy, however, is not so rigid that it does not allow, upon a properly filed request, extensions of time to comply with any of the mandated time frames, or for a limited anticipation of monetary funds from an indigent inmates' account for the purpose of submitting the required photocopies to the Secretary's Office of Inmate Grievances and Appeals for final review of an inmate's grievance.  See <u>Id.</u>, VI, B, 1, c; VI, C, 2, a; and VI, D, c and i.

Defendants assert that Rivers failed to properly exhaust his available administrative remedies with respect to all claims raised in this action.  Defendants have submitted the unsworn declaration of Tshanna Kyler, the Grievance Officer in the Secretary's Office of Grievances and Appeals.  (Dkt. Entry 23-3, Exhibit B, Kyler Declaration.)  Ms. Kyler avers that although Rivers did write to the Office of Inmate Grievances and Appeals, he failed to accompany his letters with any evidence that he properly pursued the grievance process at the institutional level.  Specifically, she points out that Plaintiff failed to submit the required related documentation as outlined in DC-ADM 804. (<u>Id</u>. at ¶ 7.)  Ms. Kyler also notes that the letters that Rivers sent the Secretary's Office of Inmate Grievances and Appeals did "not amount to a formal inmate grievance in accordance with DC-ADM 804." (<u>Id</u>. at ¶ 8.)

Rivers does not contest Defendants' representation of the pertinent facts.  (Dkt. Entry 25, Plaintiff Reply Brief in Support of Motion to Challenge or Quash Defendants' Motion to

Dismiss, p. 3.)   Rather, he cites the following cases for the proposition that exhaustion is not required prior to initiating a § 1983 action. Wilwording v. Swenson, 404 U.S. 249 (1971); and Houghton v. Shafer, 392 U.S. 639 (1968).  According to Rivers, these cases establish that "a prisoner does not have to exhaust his administrative remedies before filing a section 1983 suit." (Dkt. Entry 25.)

  Plaintiff's reliance on these cases is misplaced as they pre-date enactment of the Prison Litigation Reform Act and its mandate that prisoners exhaust administrative remedies before filing a lawsuit.  While it is true that a prisoner does not have to allege in his complaint that he has exhausted administrative remedies, Ray v. Kertes, 285 F.3d 287 (3d Cir.2002), the United States Supreme Court has clearly affirmed the statutory requirement of exhaustion of administrative remedies prior to initiation of a federal civil rights action.  See Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000).  To highlight the shift of the mandatory nature of the exhaustion of administrative remedies as a prerequisite to the initiation of litigation by incarcerated individuals, the Supreme Court in Porter v. Nussle, 534 U.S. 516, 532 (2002), held that while "[p]risoner suits alleging constitutional deprivations while incarcerated once fell within this general rule [of non-exhaustion], . . . exhaustion in cases covered by § 1997e(a) is now mandatory."  Id. at 523-524.

  As noted previously, Rivers does not contest that he failed to properly exhaust administrative remedies related to any of the claims asserted in the Complaint.  Rivers

improperly filed letters to final review without supporting documentation from the initial two levels of review.  Plaintiff's failure to comply with the procedural requirements of the Grievance Policy precludes pursuit of this action.  Rivers' Complaint is subject to dismissal in its entirety.[2]

## IV.    Conclusion

Defendants have met their burden of showing that Plaintiff failed to exhaust available administrative remedies before filing his complaint.  Consequently, I will dismiss Plaintiff's action due to his failure to exhaust administrative remedies.  His motion for appointment of counsel is moot.  An appropriate order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

---

[2] Since the exhaustion of administrative remedies is a threshold issue, there is no need to consider Defendants' arguments that the Complaint fails to state a valid § 1983 claim.

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIAH RIVERS,<br><br>      Plaintiff,<br><br>      v.<br><br>SGT WIRT, ET AL.,<br><br>      Defendants. | :<br>:<br>:<br>:  CIVIL NO. 3:CV-04-2817<br>:<br>:  (CHIEF JUDGE VANASKIE)<br>:<br>:<br>: |

### O R D E R

**November 21, 2005**

**AND NOW**, for the reasons set forth in the accompanying Memorandum, **IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Dkt. Entry 14) is **GRANTED**.

2. Rivers' Motion for Appointment of Counsel (Dkt. Entry 25, p. 4) is **DENIED**.

3. The Clerk of Court shall mark this matter **CLOSED**.

4. Any appeal from this Order will be deemed frivolous.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie, Chief Judge
                                                Middle District of Pennsylvania